# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JASON BOYLES,**

    **Plaintiff,**

**v.**                     Civil Action No. 5:08cv63
                                      (Judge Stamp)

**WILLIAM D. HALE,**
**WILLIAM M. FOX,**

    **Defendants.**

## ORDER DENYING PLAINTIFF'S MOTION
## FOR APPOINTED COUNSEL

On February 20, 2008, *pro se* plaintiff, Jason Boyles, filed the above-styled action pursuant to 42 U.S.C. §1983. On that same date, he filed a motion for appointment of counsel. In contrast to a criminal proceeding in which the Court has a duty to assign counsel to represent an indigent defendant in accordance with his constitutional rights, the Court in a civil case has the discretion to request an attorney to represent a person unable to employ counsel. See 28 U.S.C. §1915(e)(1). It is well settled that in a civil action the Court should appoint counsel to represent an indigent only after a showing of a particular need or exceptional circumstances. Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984).

Upon review of the complaint and the Motion, the undersigned is of the opinion that the plaintiff has failed to show a particular need or exceptional circumstances that would require the assistance of a trained practitioner. Accordingly, the plaintiff's motion for appointment of counsel

(Doc. 5) is hereby **DENIED**.

IT IS SO ORDERED.

The Clerk of the Court is directed to send a copy of this Order to the *pro se* plaintiff.

DATED: February 25, 2008

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE