IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JASON R. BOYLES,

    Plaintiff,

v.                                                    Civil Action No. 5:08CV63
                                                                   (STAMP)
WILLIAM D. HALE,
Correctional Magistrate
and WILLIAM M. Fox, Warden,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

The pro se[1] plaintiff, Jason Boyles, filed a complaint pursuant to 42 U.S.C. § 1983. At the same time, the plaintiff filed a motion to appoint counsel. This matter was referred to United States Magistrate Judge James E. Seibert for report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09. On February 25, 2008, the magistrate judge entered an order denying the plaintiff's motion to appoint counsel and a separate order granting the plaintiff's motion to proceed in forma pauperis ("IFP"). The plaintiff was ordered to pay the filing fee of $350.00 in installments, with the first payment of $2.07 due within thirty days of the entry of the order granting his

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

IFP status. The plaintiff failed to submit the initial partial payment of $2.07. However, after the magistrate judge issued an order directing the plaintiff to show cause why his case should not be dismissed for failure to file the required fee, the plaintiff filed a motion to amend his complaint and what appears to be an updated account statement. Magistrate Judge Seibert entered a report recommending that the case be dismissed without prejudice for failure to pay the initial fee and that the motion to amend be denied as moot.

In the report and recommendation, the magistrate judge informed the parties that if they objected to any portion of his recommendation, they must file written objections within ten days after being served with a copy of this report. Within the ten-day period for filing objections, the plaintiff filed a pleading which the Clerk's Office docketed as a motion to appoint counsel. Magistrate Judge Seibert dismissed that motion on October 3, 2008. However, the motion to appoint counsel also asks this Court to reconsider dismissing this case and offers a reason why his filing fee was not submitted. To the extent that these parts of the plaintiff's pleading could be construed as objections, the pleading objects only to the recommendation that the plaintiff's complaint be dismissed and possibly to the magistrate judge's previous decision to deny the plaintiff's motion to appoint counsel. The pleading does not object to the recommendation that the plaintiff's

2

motion to amend the complaint be denied as moot, and the plaintiff has not filed any separate objections to that recommendation.

For the reasons set forth below, this Court finds that the plaintiff's objections should be overruled and the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff has filed what this Court construes to be objections, this Court conducts de novo review to those portions of the magistrate judge's report and recommendation to which the plaintiff objects.

## III. Discussion

A. Motion to Appoint Counsel

Federal courts have discretion in civil cases to request an attorney to represent an indigent party. See 28 U.S.C. § 1915(e)(1). However, such an appointment may be made only where

the indigent party has shown particular need or circumstances. Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). This Court has reviewed the plaintiff's complaint and the motion to appoint counsel and concludes that the plaintiff has not made the requisite showing of particular need or exceptional circumstances to warrant appointing him counsel in this action. Therefore, after do novo review of the record, this Court overrules the plaintiff's objections concerning his request for counsel and affirms the magistrate judge's denial of the plaintiff's motion to appoint counsel.

B. Failure to Pay Filing Fee

The magistrate judge's report recommends that the plaintiff's complaint be dismissed without prejudice because the plaintiff failed to pay the first installment of the required filing fee. At the time the plaintiff was granted leave to proceed in forma pauperis, he was ordered to pay an initial filing fee of $2.07. This fee was based upon the information provided by the plaintiff which indicated that he had $5.29 in his prisoner trust account. The financial affidavit submitted as part of his in forma pauperis application indicated further that during the six-month period before the filing of the complaint, average monthly deposits of $10.30 were made to his account. On May 2, 2008, the plaintiff submitted--presumably in response to the show cause order--a ledger sheet consisting of a single line which indicated that as of April

4

20, 2008, his account showed a negative balance of $0.17. However, the plaintiff provided no information regarding the status of his account between the date he was granted leave to proceed <u>in forma pauperis</u> and ordered to pay an initial filing fee of $2.07 (February 25, 2008) and the date he filed the ledger sheet showing a negative balance in his account (May 2, 2008). Although the plaintiff contends in his objections that the filing fee was not paid because the trustee of the prisoner account failed to send it, this objection lacks merit. Upon <u>de novo</u> review of the record, this Court finds that the plaintiff's submission of the updated ledger sheet showing a negative balance failed to show why the fee was not paid within the thirty-day period as required. Accordingly, the plaintiff's objection is overruled and the magistrate judge's report and recommendation that this action be dismissed without prejudice is affirmed and adopted.

C.  <u>Motion to Amend</u>

The plaintiff has not objected to the magistrate judge's recommendation that the motion to amend be denied as moot. Therefore, that portion of the report and recommendation concerning the plaintiff's motion to amend is reviewed under a clearly erroneous standard. Because this Court agrees with the magistrate judge's conclusion that the plaintiff's complaint should be dismissed without prejudice for failure to pay the initial filing fee, this Court finds that the magistrate judge's recommendation to

5

deny as moot the plaintiff's motion to amend is not clearly erroneous. Accordingly, that portion of the report and recommendation concerning the motion to amend will be affirmed and adopted in its entirety.

IV. Conclusion

For the reasons set forth above, this Court OVERRULES the plaintiff's objections and AFFIRMS AND ADOPTS in its entirety the magistrate judge's report and recommendation. It is ORDERED that the plaintiff's complaint be DISMISSED WITHOUT PREJUDICE. It is FURTHER ORDERED that the plaintiff's motion to amend be DENIED as moot. In addition, it is hereby ORDERED this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that, pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), he must file a notice of appeal with the Clerk of this Court within thirty days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      March 2, 2009

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE